UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SASHA PATTERSON, | ) | CASE NO. 1:12CV2872 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| CHIPOTLE MEXICAN GRILL, INC. | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Sasha Patterson ("plaintiff") originally filed this action in the Cuyahoga County Court of Common Pleas on October 10, 2012. (Doc. No. 1-1.) On November 19, 2012, defendant Chipotle Mexican Grill, Inc. ("defendant") removed to this Court pursuant to 28 U.S.C. § 1441(b) based on assertions that the case involves citizens of different states and that the amount in controversy exceeds $75,000.00. (Doc. No. 1.) On November 30, 2012, plaintiff filed a motion to remand and a stipulation, through her attorney, that her compensatory and punitive damages do not exceed $75,000.00. (Doc. No. 9.) Defendant's opposition to the motion argues that plaintiff's stipulation is insufficient to defeat jurisdiction because plaintiff's counsel's affidavit is silent as to costs, attorney fees, and pre- and post-judgment interest. (Doc. No. 10.) In reply, plaintiff, through her counsel, submitted a supplemental affidavit stipulating that the amount of compensatory damages, punitive damages, attorney fees, costs, and prejudgment interest does not exceed $75,000.00. (Doc. No. 11.) For the reasons that follow, the motion to remand is **GRANTED**. Accordingly, this case will be **REMANDED** to the state court.

I.      BACKGROUND

The complaint alleges that defendant terminated plaintiff from her employment in retaliation for filing a workers' compensation claim after she sustained an injury in the course of her employment. (Doc. No. 1-1 at 7-8.) Plaintiff asserts claims for wrongful termination in violation of Ohio Rev. Code § 4123.90 (Count I) and the common law (Count II); she seeks an unspecified amount of compensatory and punitive damages in excess of $25,000.00, as well as prejudgment and post-judgment interest, costs, and attorney's fees. (*Id*. at 9.)

Defendant removed this matter alleging federal jurisdiction pursuant to 28 U.S.C. § 1332 and asserting that the parties are citizens of different states and that when plaintiff's claims for compensatory damages are aggregated with her claims for emotional distress, punitive damages, and attorney's fees, the amount in controversy "greatly exceeds $75,000.00." (Doc. No. 1 at 3-4.) At the time this action was filed, plaintiff was an Ohio resident (*see* Doc. No. 1-1 at 1), and defendant was a Delaware corporation with its principal place of business in Colorado (Doc. No. 1 at 2.) As outlined above, however, plaintiff did not plead a specific amount in controversy, alleging only a $25,000.00 floor for damages, and has since stipulated that the amount of damages in this case will not exceed $75,000.00. (Doc. No. 11-1 at 63.)

## II.    DISCUSSION

A defendant may remove any civil case filed in state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989). A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c).

Federal jurisdiction in this case is based on diversity of citizenship. In order to invoke the diversity jurisdiction of this Court under 28 U.S.C. § 1332, not only must the citizenship of the parties be diverse, the amount in controversy, exclusive of interest and costs, must exceed $75,000.00. Where, as here, a plaintiff does not plead a specific amount in controversy, the removing party has the burden of showing, through a preponderance of the evidence, that the plaintiff's claims, at the time of removal, satisfy the jurisdictional amount. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir. 2001).

Usually "events occurring subsequent to removal, which reduce the amount recoverable[,] whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Welch*, 2007 WL 1695431 at *2 (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)). However, when a stipulation "provide[s] for the *first time* the upper limit on the damage amount claimed by the plaintiff," which does not "modify the amount in controversy" or "change . . . [the] information upon which [the defendant] relied in removing [the] action," *id.* (citing *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. supp. 1305, 1308 (E.D. Ky. 1990)(emphasis added)), courts within this circuit routinely hold that remand is required. *See Captain v. Wal-Mart Stores East, Inc.*, No. 10-501-HJW-JGW, 2010 WL 4875702, *1 (S.D. Ohio Oct. 7, 2010) (collecting cases); *see also*, *Welch*, *supra*; *Weiland v. Chipotle Mexican Grill, Inc.*, No. 1:11cv2408, ECF # 10 (N.D. Ohio Dec. 8, 2011); *compare Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (affirming denial of remand where plaintiff "expressly refused to stipulate to a damages amount falling under the amount in controversy requirement.")

Here, although plaintiff's original demand was unclear (and did not provide a clear basis for defendant to meet its burden of establishing the jurisdictionally-required amount

in controversy), plaintiff has now stipulated that her damages claims do not exceed $75,000.00. Accordingly, remand is appropriate.

Finally, it should be noted that since this Court has adopted plaintiff's counsel's stipulation as to plaintiff's maximum recoverable damages, that stipulation "binds [her] to a recovery of no more than this figure in state court." *Welch*, 2007 WL 1695431 at *3 (citing *Sanford & Adapt Inc. v. Gardenour*, 225 F.3d 659, (Table), 2000 WL 1033025, at *3 (6th Cir. July 7, 2000)). "Pursuant to the doctrine of judicial estoppel, a litigant cannot successfully argue a position in one court and then take a contrary position in another court." *Cleveland Hous. Renewal Project, Inc. v. Wells Fargo Bank, N.A.*, 188 Ohio App. 3d 36, 46 (Ohio Ct. App. 2010). Thus, principles of judicial estoppel prevent plaintiff from later asserting that her damages are actually greater than $75,000.00.

## III.    CONCLUSION

Based upon the foregoing, plaintiff's motion to remand is **GRANTED**, and this matter is **REMANDED** to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: December 28, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4